IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:20-CR-00010 (WLS-TQL-2) |
| | : | |
| RICHARD AUGUSTUS BROWN, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Before the Court is Defendant's "Motion for Sentencing Transcripts." (Doc. 102.) Therein, Defendant Brown requests the Court to provide him the "sentencing transcripts" from November 16, 2021. (*Id.*) There are two documents entered and signed by this Court on November 16, 2021: Judgment as to Defendant Brown (Doc. 99) and Statement of Reasons regarding Defendant's Judgment (Doc. 100). Therefore, the Court assumes Defendant is requesting transcripts regarding both these documents. Defendant is currently imprisoned as he was sentenced to serve consecutively his 188 months of imprisonment. (Doc. 99.) Before filing his Motion for transcripts (Doc. 102), Defendant had also written a letter to the Clerk of the Court, asking the Clerk to send him a copy of the docket sheet regarding his case. (Doc. 101.)

The issue here is whether the law entitles a prisoner to obtain free copies of court documents. The United States Court of Appeals for the Eleventh Circuit "has never held that a prisoner's right of access to the courts" allows a prisoner to receive free copies of court documents, which includes even his own pleadings. *Jackson v. Fla. Dep't of Fin. Servs.*, 479 Fed. Appx. 289, 292–93 (11th Cir. 2012) (per curiam). This is because if prisoners were provided with free copies of records, the courts would be inundated with such requests.

Here, in both his Motion (Doc. 102) as well as in his Letter to the Clerk (Doc. 101), Defendant provided no reason, fact, or need as to why the Court should provide him with copies of the noted documents, which Defendant refers to as "transcripts." Generally, even if

1

a prisoner was to provide some reasons or assertions as to why the Court should provide him with free copies of court records, the prisoner would still not be able to receive them unless he could make a proper or valid showing that he is entitled to receive them. Here, Defendant has made no effort to show why he needs or is entitled to receive free copies of the sentencing documents or the docket sheet. Therefore, under the law of the Eleventh Circuit, Defendant is not, upon his instant request, entitled to free copies of judicial records.

Accordingly, Defendant's Motion for Sentencing Transcripts is **DENIED.** Defendant may pay for whichever copies of judicial records or documents he desires.

**SO ORDERED**, this 23rd day of August 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**